***NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER***

**Electronically Filed
Supreme Court
SCWC-19-0000047
05-SEP-2025
08:48 AM
Dkt. 21 SO**

SCWC-19-0000047

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

_____

FREDERICK T. CAVEN, JR., on behalf of himself
and a class of similarly situated persons,
Respondent/Plaintiff-Appellant,

vs.

CERTIFIED MANAGEMENT, INC., dba ASSOCIA HAWAII,
Petitioner/Defendant-Appellee.

_____

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(CAAP-19-0000047; CASE NO. 1CC161001778)

SUMMARY DISPOSITION ORDER
(By: Recktenwald, C.J., McKenna, Eddins, and Devens, JJ.,
and Ginoza, J., Dissenting)

Respondent/Plaintiff-Appellant Frederick T. Caven,

Jr., co-owned a condominium unit located in Koloa, Kaua'i (Unit).

As an owner of the Unit, Caven was a member of two homeowners

associations: (1) the Poipu Kai Association (PKA), a planned

community association; and (2) the Regency at Poipu Kai

Association of Apartment Owners (Regency AOAO), a condominium

association within PKA.  Petitioner/Defendant-Appellee Certified

Management, Inc., dba Associa Hawaii (Associa) was the managing agent for PKA and Regency AOAO.

The following facts appear to be undisputed. In April 2016, Caven sold his Unit. In order to close on the sale, Caven was required to obtain a Project Information Form RR105c (Form RR105c) and a Statement of Account (SOA) from each association. Form RR105c is "a time-sensitive disclosure form copyrighted and used by [Hawai'i Association of REALTORS] to get the most up-to-date information pertaining to the condominium association . . . when a unit in the association is being offered for sale." An SOA is provided to escrow "once when escrow is opened so that the escrow agent has an estimate of the associations' charges that need to be accounted for during the transaction" and "upon request again right before the sale of the unit closes so that escrow ensures it has the most accurate, up-to-date information on the seller's account."

Caven's realtor ordered digital copies for download of the documents required to sell the Unit through Associa's website, "Community Archives." For the document packages that included the Form RR105c, Associa charged Caven: $390.62 for the "Resale Disclosure Package" for Regency AOAO, including a $360.00 processing fee, a $15.00 convenience fee, and $15.62 in sales tax; and $182.29 for the "Documents Only Package" for PKA, including a $165.00 processing fee, a $10.00 convenience fee,

2

and $7.29 in sales tax.  Additionally, Associa charged Caven
$437.50 for each SOA for Regency AOAO and PKA.[1]  In total,
Associa charged Caven $1,447.91 for the documents required to
complete the sale of Caven's Unit.

Caven challenged the propriety of those fees in the
Circuit Court of the First Circuit,[2] arguing that Associa
unlawfully charged unit owners unreasonable and excessive fees
for copies of documents it was legally required to maintain in
violation of Hawai'i Revised Statutes (HRS) chapter 514B.[3]
Associa filed a series of motions for partial summary judgment,
which the circuit court granted.  On December 26, 2018, the
circuit court entered final judgment in favor of Associa.

Relevant here are two circuit court orders granting
partial summary judgment for claims relating to Regency AOAO.[4]
The Order Granting Defendant Certified Management, Inc., dba

---

[1]     The record reflects Caven was charged $437.50 for each SOA for
PKA and Regency AOAO.  The $437.50 SOA charges included a $195 processing
fee, $80 expedite fee, $145 transfer fee, and $17.50 in taxes.

[2]     The Honorable James H. Ashford presided.

[3]     Although Caven initially filed his complaint "on behalf of
himself and a class of similarly situated persons," no class was certified.
Caven's First Amended Complaint alleged violations of HRS chapters
514B (Count I), 421J (Count II), and 480 (Count III).  Only Caven's
challenges under HRS chapter 514B are relevant in this appeal.  HRS § 514B-21
(2018) provides in relevant part that "[t]his chapter applies to all
condominiums created within this State[.]"

[4]     Caven's claims against Associa arising from fees for the PKA
documents were separately dismissed by the circuit court because PKA, a
planned community association, is not a condominium association within the
meaning of HRS chapter 514B.  Caven does not challenge the dismissal.

Associa Hawaii's Motion for Partial Summary Judgment on Count I and II of the First Amended Complaint (Order IV), filed July 19, 2018, found the Form RR105c and the SOA prepared by Associa were not subject to HRS chapter 514B. The Order Granting Defendant Certified Management, Inc., dba Associa Hawaii's Motion for Partial Summary Judgment on Count I of the First Amended Complaint (Order V), filed September 20, 2018, concluded that there were no genuine issues of material fact on Caven's claims arising under HRS §§ 514B-154(e) and (g) (2018) because those subsections "apply to 'association[s],' not 'managing agent[s],'" and therefore Associa was entitled to judgment as a matter of law on those issues.

Caven appealed to the Intermediate Court of Appeals (ICA) and, in a March 22, 2024 summary disposition order, the ICA affirmed in part and vacated in part Orders IV and V. As is relevant here, the ICA concluded the circuit court erred in finding that (1) HRS chapter 514B only applies to general association documents and not the Form RR105c or the SOA for Regency AOAO and (2) Associa, as a managing agent, is not required to provide the Form RR105c and the SOA for Regency AOAO for free under HRS § 514B-154.5(e) (2018). Thus, the ICA vacated Order IV in part and Order V in its entirety and remanded to the circuit court for further proceedings. Id. at 9.

4

Judgment on Appeal was entered on May 24, 2024. Associa applied for writ of certiorari, which this court granted.

Associa presents three questions to this court, asserting the ICA gravely erred by reversing the circuit court's Orders IV and V. Specifically, Associa argues that the ICA erred by holding (1) HRS § 514B-154.5(e)'s requirement that documents made available at no cost for download applies both to associations and their managing agents, (2) the document and disclosure requirements of HRS § 154.5(a) are "not limited to what the condominium association keeps . . . [or] pre-existing documents," and (3) Associa, as a managing agent, has a duty to provide the Form RR105c and the Regency AOAO SOA. We affirm the ICA.

> Statutory interpretation is "a question of law reviewable de novo." This court's construction of statutes is guided by established rules:
>
>> First, the fundamental starting point for statutory interpretation is the language of the statute itself. Second, where the statutory language is plain and unambiguous, our sole duty is to give effect to its plain and obvious meaning. Third, implicit in the task of statutory construction is our foremost obligation to ascertain and give effect to the intention of the legislature, which is to be obtained primarily from the language contained in the statute itself. Fourth, when there is doubt, doubleness of meaning, or indistinctiveness or uncertainty of an expression used in a statute, an ambiguity exists.
>>
>> When there is ambiguity in a statute, "the meaning of the ambiguous words may be sought by examining the context, with which the ambiguous words, phrases, and sentences may be compared, in order to ascertain their true meaning." Moreover, the courts may resort to extrinsic aids in determining legislative intent,

> such as legislative history, or the reason and spirit
> of the law.
>
> Citizens Against Reckless Dev. v. Zoning Bd. of Appeals of
> the City & Cnty. of Honolulu, 114 Hawai'i 184, 193-94, 159
> P.3d 143, 152-53 (2007) (citations omitted).

In re Maui Fire Cases, 155 Hawai'i 409, 424-25, 565 P.3d 754,
769-70 (2025) (quoting State v. Wheeler, 121 Hawai'i 383, 390,
219 P.3d 1170, 1177 (2009)).

At base, Associa argues that because the Form RR10c
and the SOA are "reports prepared specifically for individual
association members," those documents are not documents "kept"
by Regency AOAO within the meaning of HRS § 514B-152 (2018).
Thus, Associa, as the managing agent for Regency AOAO, was not
required to make the Form RR105c and the SOA available at "a
reasonable fee for duplication, postage, stationery, and other
administrative costs associated with handling the request" or
"at no cost" if available for download pursuant to HRS
§ 514B-154.5(b) and (e).  Associa misreads the relevant
statutes.

HRS § 514B-152 requires condominium associations to
"keep financial and other records sufficiently detailed to
enable the association to comply with requests for information
and disclosures related to resale of units" and to make those
records "available pursuant to section 514B-154.5 for
examination by any unit owner and the owner's authorized
agents."  HRS § 514B-154.5(a), in turn, requires managing

6

agents, such as Associa, to "ma[k]e available to any unit owner and the owner's authorized agents" "documents, records, and information, whether maintained, kept, or required to be provided pursuant to this section or section 514B-152."

Read together, HRS §§ 514B-152 and -154.5 require managing agents to make available to a unit owner sufficiently detailed financial and other records relating to the resale of units. On their face, these statutorily mandated disclosures are not limited to pre-existing documents. See HRS § 514B-154.5(a) (requiring disclosure of "documents, records, and information, whether maintained, kept, or required to be provided" under the subsection). Because both the Form RR105c and the SOA are "information and disclosures related to [the] resale of units" within the meaning HRS § 514B-152, Associa had a duty to make them available to Caven, whether or not they are documents that are regularly maintained by Associa or Regency AOAO.

HRS chapter 514B permits an association to charge unit owners "a reasonable fee for duplication, postage, stationery, and other administrative costs associated with handling the [disclosure] request" under HRS § 514B-154.5(a). HRS § 514B-154.5(b). That reasonable fee "shall not exceed $1 per page, or portion thereof, except that the fee for pages exceeding eight and one-half inches by fourteen inches may

7

exceed $1 per page." Id. § 514B-154.5(f). However, HRS § 514B-154.5(e) provides:

> An association may comply with this section or section 514B-152, 514B-153, or 514B-154 by making the required documents, records, and information available to unit owners or owners' authorized agents for download through an internet site, at the option of each unit owner or owner's authorized agent and at no cost to the unit owner or owner's authorized agent.

(Emphasis added.)

Associa argues that HRS § 514B-154.5(e) does not apply to it because it is a managing agent, not an association, both of which terms are defined separately under HRS chapter 514B. See HRS § 514B-3 (2018) ("'Association' means the unit owners' association organized under section 514B-102 or under prior condominium property regime statutes. . . . 'Managing agent' means any person retained, as an independent contractor, for the purpose of managing the operation of the property."). However, it is clear from the structure and language of HRS § 514B-154.5 that it imposes a duty on "association[s]" to make "documents, records, and information" available through their "managing agent, resident manager, board through a board member, or the association's representative." HRS § 514B-154.5(a). An association may comply with its duty under the section either by providing paper copies at a reasonable fee under subsections (b), (d), and (f). Otherwise, "[a]n association may comply . . . by making the required documents, records, and information available to unit owners or owners' authorized agents for

8

download through an internet site . . . at no cost to the unit owner or owner's authorized agent."  HRS § 514B-154.5(e).

It is immaterial for purposes of HRS § 514B-154.5(e) whether that internet site is maintained by the association or its managing agent.  Because Associa made the Form RR105c and the SOA for Regency AOAO available to Caven to download through its internet site "Community Archives," it was required to do so "at no cost to the unit owner or owner's authorized agent."  See id.

Consistent with the discussion above, we conclude that that Associa had a duty, pursuant to HRS §§ 514B-152 and -154.5 to make the Project Information Form RR105c and the Statement of Account for the Regency at Poipu Kai Association of Apartment Owners available to Caven, regardless of whether they are regularly maintained by the association or the managing agent. We further conclude that where a managing agent makes such documents available for download through an internet site, they must do so at no cost to the unit owner or the owner's authorized agent.

***NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER***

We therefore affirm the ICA's May 24, 2024, Judgment on Appeal.

DATED: Honolulu, Hawai'i, September 5, 2025.

David M. Louie                          /s/ Mark E. Recktenwald
Ryan D. Louie
(Nicholas R. Monlux                     /s/ Sabrina S. McKenna
on the briefs)
for petitioner/defendant-               /s/ Todd W. Eddins
appellee
                                        /s/ Vladimir P. Devens
Margery S. Bronster
Robert M. Hatch
for respondent/plaintiff-
appellant